IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILES E. BRICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 14-958-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Miles E. Brice. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

September 29 , 2016
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Petitioner Miles E. Brice's ("petitioner") has filed an application for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 ("application"). (D.I. 3) For the

reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred

by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

The facts leading up to petitioner's arrest and conviction are as follows:

In July 2001, [petitioner], together with a co-defendant, chased an individual with
whom petitioner had a feud into an apartment. [Petitioner] and the co-defendant
tried to force their way into the apartment, and [petitioner], who was carrying a
semi-automatic handgun, fired eleven bullets through the door, killing two
individuals as well as injuring another party. [Petitioner] and the co-defendant
fled from the apartment building and were subsequently arrested one day after
the shooting. The police discovered the murder weapon under a sofa cushion
where [petitioner] was sitting at the time he was arrested.

A grand jury returned an indictment against [petitioner] on July 30, 2001,
charging him with two counts of Felony Murder in the First Degree, one count of
Attempted Murder in the First Degree, one count of Assault in the Second
degree, one count of Conspiracy in the First Degree, two counts of Attempted
Burglary in the Second Degree, five counts of Reckless Endangering in the First
Degree, and a number of related weapons offenses. The case went to trial in
December 2003. Following the completion of the State's case-in-chief,
[petitioner] pleaded guilty to two counts of Felony Murder First Degree in
exchange for the State dismissing the remaining counts of the indictment and
agreeing not to seek the death penalty. [Petitioner] was subsequently sentenced
to two life terms. [He] did not file a direct appeal from his convictions or
sentences.

*State v. Brice*, 2014 WL 934384, at *1 (Del. Super. Feb. 26, 2014).

Petitioner filed his first motion for post-conviction relief pursuant to Delaware

Superior Court Criminal Rule 61 ("Rule 61 motion") on January 7, 2008, and then he

filed a motion to correct an illegal sentence on January 25, 2008. (D.I. 13, Del. Super.

Crim. Dkt. Entry Nos. 67, 72) The Superior Court denied both motions on February 29, 2008. *See State v. Brice*, 2009 WL 477302 (Del. Super. Feb. 26, 2009). The Delaware Supreme Court affirmed that decision on April 8, 2010. *See Brice v. State*, 992 A.2d 1236 (Table), 2010 WL 1408304 (Del. Apr. 8, 2010).

Petitioner then proceeded to file four more Rule 61 motions on the following dates: April 30, 2010; February 10, 2012; November 7, 2012; and November 6, 2013. (D.I. 13, Del. Super. Crim. Dkt. Entry Nos. 98, 132, 142, 152) The Superior Court denied all four Rule 61 motions, and the Delaware Supreme Court affirmed those decisions. *See Brice v. State*, 36 A.3d 348 (Table), 2012 WL 162024 (Del. Jan. 18, 2012); *Brice v. State*, 54 A.3d 256 (Table), 2012 WL 4880671 (Del. Oct. 15, 2012); *Brice v. State*, 67 A.3d 1022 (Table), 2013 WL 2316558 (Del. May 24, 2013); *Brice v. State*, 93 A.2d 653 (Table), 2014 WL 2521397 (Del. May 30, 2014).

Thereafter, petitioner filed in this court the instant pending application for habeas relief. The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, as meritless. (D.I. 11)

## III. ONE-YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable

tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C.

§ 2244(d)(2)(statutory tolling).

Petitioner's application, which is dated July 2014, is subject to the one-year

limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). Petitioner does not assert, and the court does not discern, any facts triggering

the application of § 2244(d)(1)(B). Petitioner does, however, allege that his application

is timely under § 2244(d)(1)(C) and (D). Specifically, he contends that the limitations

period began to run on June 23, 2007, the date on which he read a newspaper article

which suggested his case might be impacted by the Delaware Supreme Court's

"reinterpreted" definition of felony murder under *Williams v. State*, 818 A.2d 906 (Del.

2003), and *Chao v. State*, 931 A.2d 1000 (Del. 2007)("*Chao II*"), which made the

*Williams'* rule retroactively applicable on collateral review. This argument is unavailing.

First, § 2244(d)(1)(C) does not apply, because the *Williams/Chao II* rule was announced

by the Delaware Supreme Court with respect to Delaware state law, not a newly

recognized federal constitutional right made retroactively applicable on collateral review

by the United States Supreme Court. Second, the *Williams/Chao II* decisions cannot

3

establish a factual predicate for petitioner's claims under § 2244(d)(1)(D), because they were not decisions rendered in his own litigation history and they did not directly eliminate his legal status as a convicted felon. *See Johnson v. United States*, 544 U.S. 295 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking the order); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that case). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final after the expiration of the time allowed to seek direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced petitioner on March 12, 2004, and he did not appeal that decision. Therefore, his judgment of conviction became final on April 12, 2004. *See* Del. Supr. Ct. R. 6(a)(iii)(establishing a thirty-day appeal period). Applying one year to that date, petitioner had until April 12, 2005 to timely file his petition.

Petitioner did not file the instant application until July 16, 2014,[1] a little more than nine full years after the expiration of the limitations period. Therefore, his habeas

---

[1]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on

4

application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Petitioner filed his first Rule 61 motion in the Delaware Superior Court on January 7, 2008, approximately two years and nine months after the expiration of AEDPA's limitations period. As a result, none of his Rule 61 motions have any statutory tolling effect. Therefore, the application is time-barred, unless equitable tolling is available.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and

---

petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts July 16, 2014, as the date of filing because that is the date he certified that he placed it in the prison mailing system.

prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). With respect to

the diligence requirement, the burden is on the petitioner to prove that he has been

reasonably diligent in pursuing his rights;[2] equitable tolling is not available where the

late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *Miller v. New*

*Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's

obligation to act diligently applies to both his filing of the federal habeas application and

to his filing of state post-conviction applications. *LaCava v. Kyler*, 398 F.3d 271, 277

(3d Cir. 2005). In turn, the Third Circuit has explained that extraordinary circumstances

for equitable tolling purposes may be found where:

(1) the defendant actively misled the plaintiff;
(2) the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) the plaintiff timely asserted his rights mistakenly in the wrong forum.

*See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In this case, petitioner does not assert, and the court does not discern, that

extraordinary circumstances prevented him from timely filing his application. To the

extent his argument regarding the *Williams/Chao II* decisions should be viewed as an

attempt to equitably toll the limitations period through June 20, 2007, the date on which

the Delaware Supreme Court issued its decision in *Chao II*, the court is not persuaded.

*Williams* was decided on April 1, 2003, and petitioner pled guilty on December 8, 2003.

Any "reinterpretation" of the "in furtherance of" language in the felony murder law that

was rendered by *Williams* was available to petitioner during his criminal proceeding. In

other words, nothing prevented petitioner from presenting his argument that there was

---

[2]*See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

insufficient evidence to support a finding that the killings were committed in order to "facilitate" burglary and, therefore, failed to satisfy the "in furtherance of" element of the felony murder statute.[3] Thus, neither *Williams* nor *Chao II* constitute an "extraordinary circumstance" for equitable tolling purposes.

Finally, to the extent petitioner's late filing was the result of his lack of legal knowledge or his miscalculation of the one-year filing period, such mistakes do not justify equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the instant application as time-barred.[4]

## IV. PENDING MOTION

Petitioner filed a document titled "motion to correct the record" (D.I.16), in which he asks the court to consider additional facts supporting his request for habeas relief. Given the court's determination that the instant application is time-barred, the court will deny the motion as moot.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a

---

[3]Indeed, the *Williams* decision merely reaffirmed the *Weick v. State*, 420 A.2d 159 (Del. 1980), requirements that a defendant or his accomplices must have committed the killing during the course of the felony **and** that the murder "help[ed] to move the felony forward." *See Comer v. State*, 977 A.2d 334, 340 (Del. 2009).

[4]Having determined that the application is time-barred, the court will not address the State's alternative reason for denying the application.

7

"substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI.    CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

8